### No. 22,956
### First Circuit Appeal

---

**DARIUS M. FONTENOT v. R. L. BAILEY**

---

(Opinion and Decree may be found at p. 568 herein.)

---

ELLIOTT, J., DISSENTING OPINION

I dissent from the above opinion and decree to the extent that the judgment appealed from is not affirmed.

The evidence shows that the defendant knew the location of the Anchor Sawmill tract of land.

The lines separating it from the Whitman tract are well marked and defined. He sent his men to deaden on the Whitman tract with such indefinite information that he must be supposed to have expected them to deaden without careful regard for the limits and boundary of the Whitman tract. Thy deadened about sixty acres of timber on the Anchor Sawmill tract next to the canal. Defendant knew where they

had deadened and afterwards set them to cutting the deadened timber without carefully showing them the limits and bounds of the Whitman tract of land, thus leaving the way open for them to cut the timber they had deadened on the Anchor Sawmill tract.

The caution to keep off other people's land which he gave them was not accompanied by proper and practicable steps to keep them off the Anchor Sawmill tract, the timber on which he did not own, and to keep them on the Whitman tract, on which the timber belonged to him.

The evidence shows that the defendant settled with the owners of the Whitman tract of land for the timber cut from that tract.

The timber cut from the·Whitman tract and that cut from the Anchor · Sawmill tract was mixed by defendant's haulers and piled on the banks of the canal for the purpose of being rolled into the canal and towed away.

Defendant settled with the owners of the Whitman tract for the exact number of feet that he had cut from their lands within the week after it was cut, which shows that he knew each week the number of feet that had come off the Whitman tract as well as that which had been cut on the Anchor Sawmill tract.

If plaintiff had not sequestered the logs when he did they would have been rolled into the canal and towed away. His fears were justified and he did right to sequester in the protection of his rights as owner.

Plaintiff cannot identify the particular logs belonging to him as they were mixed with logs belonging to defendant, but defendant cannot urge this to dissolve the sequestration made necessary by his own wrongful acts.

The sequestration should be ·maintained. The facts and circumstances do not show that the timber on the ·Anchor Sawmill tract was deadened and· cut inadvertently.

Therefore, plaintiff should receive the value of his logs.

Defendant in bad faith is not entitled to plaintiff's logs at the stumpage price of standing timber as if he had bought the timber from the owner of it.

The plaintiff has the right to cut his own timber and all the profit resulted from his ownership belongs to him, and he should not be deprived from this profit.

The judgment appealed from is correct and should be affirmed.